## LOUIS SNYDER *v.* BEN HARRISON.

**Attorney and Client.**

    In the absence of a special agreement to the contrary debts are payable in money, and an attorney receiving an account for collection from his client has no authority to accept in payment any thing in lieu of money, but where an attorney does accept orders, etc., as payment, and the orders are collected by him while he is still representing his client, it will constitute payment.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

March 8, 1879.

OPINION BY JUDGE COFER:

The appellant brought this action on an account for $137.20. The appellee pleaded payment, and verdict and judgment having been rendered in his favor, the appellant prosecutes this appeal.

The appellee was introduced as a witness in his own behalf, and testified that he was called upon by A. J. Anderson, an attorney at-law, who had in his possession a copy of the account sued upon, and said it had been placed in his hands for collection, and that having no money he delivered to Anderson in payment thereon $50 in script issued by the city of Henderson, worth not more than ninety-five cents on the dollar, and an order on H. H. Shouse for $30 or $35, and that he had subsequently paid to Anderson the balance of the account and had taken his receipt in full, which he exhibited on the copy of the account which had been in Anderson's hands.

On cross-examination he stated, in substance, that the account was afterward presented by Mr. Ward, the attorney who brought this action; that he had then paid to Anderson $80 or $85, and told Ward he would pay the balance as soon as he got the money; that he then had no receipt from Anderson, and did not then know whether he had collected the script or the order on Shouse, but had subsequently learned from Anderson that he had collected both; that Ward told him not to pay anything more to Anderson; that he, witness, had placed some accounts in Anderson's hands for collection, and Anderson owed him some small amounts and said he had collected enough on the accounts, with what he owed witness, to pay the balance of the account and gave him the account receipted in full.

The appellant introduced Mr. Ward, who stated that when he called on the appellee and told him to pay nothing more to Anderson he promised that he would not. This was all the evidence material to be stated.

The court refused to instruct the jury that Anderson had no right to accept the city script or the order on Shouse, accounts on third persons, or his own indebtedness to the appellee, in payment of the claim in his hands for collection, and that they must find for the plaintiff, and instructed them that if they believed from the evidence that Anderson had the account in his hands for collection, and the appellee, while it was in his hands, settled and paid the same, in whole or in part, to Anderson, they should find for appellee for the amount so settled and paid.

17

There being no evidence to show that Anderson had any special authority from his client, his powers must be assumed to have been only such as were incident to his employment as an attorney to collect the debt.

In the absence of a special agreement to the contrary, debts are payable in money, and therefore a simple employment to collect a debt confers authority to receive payment in money, and does not confer authority to accept anything in lieu of the money. 1 Parsons on Contracts, 117; *Smith's Heirs v. Dixon, Barrett, et al.,* 3 Met. 438.

In such a case the attorney is the agent of the creditors to receive that which the creditor has a right to demand. That is the scope of his agency, and his acts, like those of any other agent, bind his principal only when within the scope of his agency. We are therefore of the opinion that the receipt of the city script and the order on Shouse was not a payment on the debt, and it is clear that collections made by Anderson on debts placed in his hands to collect for appellee, and his individual indebtedness to appellee, were not and could not be made to operate as payments on appellant's debt.

But we are of the opinion that if Anderson collected the money on the script or on the order on Shouse before his authority as appellant's attorney was revoked, and the appellee was notified not to pay to him, the money thus received should be regarded as payment, for although the attorney had no authority to receive choses-in-action for appellant, he had authority to receive money from any one the appellee might procure to pay it for him. Until the money was received on the choses-in-action Anderson held them for appellee, and unless he was appellant's attorney with authority to collect the debt when he received the money it never came to his hands as such attorney, and consequently is no payment. Anderson's declarations made after he ceased to be appellant's attorney were not competent to prove that the script and order had been collected.

Wherefore the judgment is *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Thomas E. Ward, for appellant.*